HLD-018                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1979
_____

IN RE: DAVID D. RICHARDSON,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2:24-cv-04731)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 24, 2025
Before:  Chief Judge CHAGARES, HARDIMAN, and PORTER, Circuit Judges

(Opinion filed: July 28, 2025)
_____

OPINION*
_____

PER CURIAM

        In September 2024, pro se petitioner David D. Richardson commenced a civil

rights action in the District Court relating to his treatment at the Veterans Affairs Medical

Center in Philadelphia, Pennsylvania.  From November 2024 through January 2025,

Richardson filed a number of motions, including a motion for default judgment against

the defendant, the United States.  In response to that motion, the United States advised

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the District Court that it had never been served with the complaint. In May 2025, Richardson notified the District Court that he wished to withdraw his pending motions and amended complaint, but he wished to proceed with his request to effectuate service and his motion for appointment of counsel. Later that month, Richardson filed in this Court a petition for a writ of mandamus asking us to compel the District Court to act on his complaint.

We will deny the mandamus petition. A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a particular manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). While mandamus may be warranted when a delay in ruling amounts to a failure to exercise jurisdiction, see Madden, 102 F.3d at 79, that has not happened here. We are confident that the District Court will act on the complaint in due course.